FILED
United States Court of Appeals
Tenth Circuit

February 1, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOE R. ALVARADO,

    Defendant-Appellant.

No. 07-4176

(D.C. Nos. 1:07-CV-00039-PGC and
1:03-CR-00125-PGC)
(D. Utah)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **BRISCOE, McKAY,** and **McCONNELL**, Circuit Judges.

---

Joe Alvarado, a federal prisoner appearing pro se, seeks a certificate of

appealability (COA) pursuant to 28 U.S.C. § 2253(c)(1) in order to challenge the district

court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence.

Because Alvarado has failed to satisfy the standards for the issuance of a COA, we deny

his request and dismiss the matter.

I.

In July 2004, Alvarado was convicted on two counts of possessing

methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and one

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[1]

As Alvarado was previously convicted of two felony drug convictions, the district court sentenced Alvarado to a mandatory term of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A). On direct appeal, Alvarado challenged the district court's denial of his motion to suppress evidence, as well as the constitutionality of the district court taking into account the existence of his prior convictions in determining his sentence. This court rejected Alvarado's arguments and affirmed the judgment of the district court. United States v. Alvarado, 154 F. App'x. 730 (10th Cir. 2005), cert. denied, 547 U.S. 1047 (2006).

Alvarado subsequently filed his pro se § 2255 motion asserting a host of claims. Included were numerous ineffective assistance of trial counsel claims,[2] a single claim of

_____

[1] The jury acquitted Alvarado on one count of being an unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3).

[2] Included were claims that Alvarado's trial counsel failed to (1) move to suppress incriminating statements made by Alvarado to the police, (2) move to suppress Alvarado's verbal consent to search his girlfriend's residence, (3) move to suppress evidence seized from his girlfriend's apartment, (4) move for resumption of the suppression hearing after learning of new evidence which placed into question the credibility of certain police officers, (5) conduct an investigation to make certain that the indictment was returned by the grand jury in open court, (6) move to have the indictment dismissed on the ground that it was not returned by the grand jury in open court, (7) adequately advise Alvarado on the consequences of pleading guilty versus going to trial, (8) move to have one of the two firearms counts dismissed due to multiplicity, (9) request an instruction telling the jury that if it convicted Alvarado on one of the firearms counts it could not convict him on the other, (10) move to have the acquittal on the § 922(g)(3) firearms charge bar his conviction on the § 922(g)(1) charge, (11) advise Alvarado of his constitutional right to testify, and further failed to discuss the strategic implications of testifying versus not testifying, (12) timely request that the district court poll the jury, and
(continued...)

2

ineffective assistance of appellate counsel, a claim that the district court violated Alvarado's right to counsel by inadequately inquiring into his request for substitute counsel, a claim that the district court refused to poll the jury to ensure its unanimity, and a claim that he was improperly subjected to a mandatory term of life imprisonment. After allowing the parties to conduct full briefing, the district court issued a thirteen-page order denying Alvarado's motion.

In addressing Alvarado's claims of ineffective assistance, the district court noted generally that Alvarado "ha[d] provided no evidence" supporting any of his claims and instead had made only "conclusory allegations." ROA, Vol. II, Order at 4. Turning to counsel's purported failure to seek suppression of certain evidence, the district court concluded that Alvarado's trial counsel "had (and took) the opportunity to challenge the seizure of evidence and the admissibility of [Alvarado's] statements at trial" and, in doing so, "asserted every reasonable argument on . . . Alvarado's behalf . . . ." Id. at 5. As for counsel's purported failure to move to dismiss the indictment on the grounds that it was not returned in open court, the district court noted there was no evidence to support such a claim. With respect to the ineffective assistance claims that centered on the purported multiplicity of the two firearms charges, the district court noted that Alvarado "was only convicted and punished for one of the § 922(g) counts" and thus "any multiplicity of the

---

[2](...continued)
(13) object to the government's purportedly late filing of the notice of § 851(a) sentencing enhancement.

counts was clearly harmless . . . ." Id. at 7. Moreover, the district court concluded that "the elements of the [two firearms] counts differ[ed]," since one "concerned a felon in possession of a firearm, while" the other "involved an unlawful user of a controlled substance in possession of a firearm." Id. With respect to Alvarado's claims that his trial counsel failed to adequately advise him of the benefits of pleading versus going to trial, the district court concluded that "the evidence in the record show[ed] . . . Alvarado was adequately informed of and involved in the plea process," id. at 8, and knowingly chose to reject a plea agreement offered by the government, id. at 9. Similarly, the district court concluded that the record firmly established that Alvarado's trial counsel adequately informed him of his constitutional right to testify on his own behalf. Lastly, the district court rejected as frivolous Alvarado's claims that his trial counsel erred in failing to request that the jury be polled, in failing to assert an objection to Alvarado being subjected to a mandatory term of life imprisonment, and in failing to object to the purportedly late filing of the government's sentencing enhancement notice. More specifically, the district court noted that the jury was in fact polled, that Alvarado's counsel did, in fact, object at the time of sentencing, that there was no legitimate legal or factual basis for challenging the mandatory sentencing enhancement, and that the government's notice of sentencing enhancement was not filed out of time. The district court also rejected as frivolous Alvarado's claim of ineffective assistance of appellate counsel.

As for Alvarado's claims that the district court violated his constitutional rights in

4

three respects, the district court rejected all of those claims in the course of analyzing Alvarado's ineffective assistance claims. In particular, the district court concluded there was no merit to Alvarado's request for substitute counsel, since it was filed on the eve of trial, "Alvarado presented no evidence of a breakdown in communication between himself and trial counsel," and "the court determined . . . Alvarado's motion had been filed specifically for the purpose of delaying the proceedings and creating confusion." Id. at 8. Further, as previously discussed, the district court noted that it had, in fact, polled the jury to ensure its unanimity, and it concluded that Alvarado had been correctly subjected to a mandatory term of life imprisonment.

Alvarado subsequently filed a notice of appeal, a request for a COA, and a motion to proceed on appeal in forma pauperis.

II.

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a federal prisoner may appeal from the denial of a § 2255 motion only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(2). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. In order to make that showing, a federal prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

After carefully examining the record on appeal, we conclude, for substantially the reasons stated in the district court's very thorough order of dismissal, that Alvarado has failed to make an adequate showing in this case. That is, we are persuaded that the district court correctly rejected each of Alvarado's claims, and that no reasonable jurist could conclude otherwise.

The motion for leave to proceed on appeal in forma pauperis and the request for a COA are DENIED and the appeal is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge